UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

New York's Health and Human Service
Union 1199/SEIU,

        Petitioner,                      CV-05-5351 (CPS)

  - against -                          MEMORANDUM OPINION
                                            AND ORDER
Highland Care Center

        Respondent.

----------------------------------------X

SIFTON, Senior Judge.

This is an application by petitioner New York's Health & Human Service Union, 1199SEIU, AFL-CIO ("1199" or "Union") for an order confirming and enforcing an arbitration award dated November 16, 2004 (the "Award") pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §9,[1] and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.[2] The Award requires that respondent Highland Care Center ("Highland

---

[1] "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."

[2] "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Care") restore Fredretha Goode ("Goode"), whose employment with respondent had been previously terminated, to her position as a Registered Nurse with appropriate back pay and benefits. Respondent moves to dismiss the petition for lack of subject matter jurisdiction. For the reasons that follow, respondent's motion to dismiss is denied, and petitioner's application for an order confirming the Award is granted.

**BACKGROUND**

Petitioner 1199 is the exclusive bargaining agent of approximately 230 health care workers employed by respondent Highland Care, including Licensed Practical Nurses ("LPNs") and Registered Nurses ("RNs"). 1199's principal place of business is in New York. Respondent Highland Care is a 320-bed nursing facility located in Jamaica, New York. Fredretha Goode was employed by Highland Care as an LPN from 1977 to 1993 and as an RN from 1993 until her employment was terminated on June 29, 2004. Highland Care alleges that Goode's employment was terminated following her failure to administer wound treatments to two patients.

1199 and Highland Care have been parties to a series of successive collective bargaining agreements. The most recent Memorandum of Agreement between the parties is effective for the period June 1, 2004 through April 30, 2008 (the "MOA"). The MOA adopted the provisions of the Collective Bargaining Agreement

("CBA") between 1199 and the Long Island Health Facilities Association--an association of seven nursing homes, including Highland Care.

Following Goode's discharge, 1199 filed a grievance, pursuant to the grievance and arbitration procedure set forth in the CBA, alleging that Goode was not discharged for cause and demanding that she be reinstated with full back pay and benefits. Respondent denied the grievance. 1199 submitted the grievance to arbitration with the American Arbitration Association ("AAA") in accordance with the CBA. The parties selected Arbitrator Janet McEneaney, Esq. to hear the grievance. The arbitrator held an evidentiary hearing on October 13, 2004, and on November 16, 2004 issued the Award. She found, *inter alia*, that respondent did not have cause for terminating Goode. She ordered that Goode be restored to her position with appropriate back pay and benefits.

Since the Award was issued and despite 1199's repeated demands that respondent comply with the Award, respondent has not reinstated Goode or otherwise complied with the Award. Moreover, respondent has not requested modification or vacatur of the Award.

On November 15, 2005, within one year of the issuance of the Award, 1199 filed the instant petition with this Court seeking an order confirming and enforcing the award. Respondent filed a cross-motion to dismiss the petition for lack of subject matter

jurisdiction. For the reasons that follow, respondent's motion to dismiss is denied, and petitioner's application for an order confirming the award is granted.

**DISCUSSION**

Petitioner 1199 seeks an order confirming and enforcing the Award pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §9, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185. Respondent Highland Care Center does dispute that the Award was never "vacated, modified, or corrected" and should be confirmed for that reason pursuant to 9 U.S.C. §9; rather, respondent moves to dismiss the petition for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

<u>Standard for a Rule 12(b)(1) Motion</u>

A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir.2002), *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996). When a defendant moves to dismiss a cause of action pursuant to Fed.R.Civ.P. 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1583 (Fed.Cir.1993). For purposes of such a motion, "the allegations in the complaint are not controlling...and only uncontroverted

factual allegations are accepted as true." Id. "All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding by the district court." *Id*. at 1584. Both the movant and the pleader are permitted to use affidavits and other pleading materials to support and oppose such a motion. *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir.2000).

<u>Respondent Highland Care Center's Motion to Dismiss</u>

The Federal Arbitration Act, while allowing federal district courts to confirm or vacate arbitration awards, does not confer upon federal district courts subject matter jurisdiction. *See Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir.2002); *United States v. Am. Soc. of Composers, Authors & Publishers*, 32 F.3d 727, 731 (2d Cir.1994); *Harry Hoffman Printing v. Graphic Communications, Int'l Union, Local 261*, 912 F.2d 608, 611 (2d Cir.1990); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983) ("The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction."). "There must be an independent basis of jurisdiction before a district court may entertain petitions under the Act." *Harry Hoffman Printing*, 912 F.2d at

611.

However, section 301(a) of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). "The term 'industry affecting commerce' means any industry or activity in commerce or in which a labor dispute would burden or obstruct commerce or tend to burden or obstruct commerce or the free flow of commerce." 29 U.S.C. § 142(1).

It is not disputed that the present action constitutes a suit "for violation of a contract between an employer and a labor organization representing [an employee]." The respondent disputes, however, that this suit involves an "industry affecting commerce." Respondent, relying on an affirmation submitted by Chaim Kaminetzky, administrator of Highland Care Center, argues that Highland Care, "a purely local enterprise," does not constitute an "industry affecting commerce." In support of its argument, respondent states:

> Highland Care is a 320-bed skilled nursing facility located in Jamaica New York. [Highland Care Center, Inc. ("HCCI")], the owner and operator of Highland Care, is a New York corporation with its sole place of business in Jamaica, New York. All of HCCI's officers, directors and shareholders are residents of New York State. Highland Care has no offices outside of New York State. In fact, Highland Care has no offices other than those located in the Jamaica facility. Highland Care provides no services

> outside of New York State. None of Highland Care's patients came to Highland Care from outside of New York State. None of Highland Care's employees travel outside of New York State for work-related purposes. With one or two possible exceptions, all of Highland Care's employees reside in New York State; and none own second homes outside of New York State. All of the diagnostic labs which perform testing services for Highland Care are located within New York State.

Respondent argues that Highland Care cannot therefore be deemed to be engaging in an "industry affecting commerce." However, "[t]he focus of this inquiry should not be on whether any employer or any labor organization engages in activity that affects interstate commerce, but instead, whether the flow of commerce could be affected or impeded as a result of a labor dispute between an employer and a labor organization within a specific industry." *470 Stratford Holding Co. v. Local 32B-32J, Service Employees Intern. Union, AFL-CIO*, 805 F.Supp. 118, 121 (E.D.N.Y.1992), *citing United States v. Ricciardi*, 357 F.2d 91, 96 (2d Cir.1966). "This approach establishes a 'relevant industry' test: a court must determine what the relevant industry is, and then analyze whether, in the event of a labor dispute between employers and unions within that industry, commerce may be affected or impeded." *Id*. "The relevant industry...comprises all business activities in the same filed as the business activities of employers whose employees were [affected]." *U.S. v. Ricciardi*, 357 F.2d at 95. In *470 Stratford Holding*, the Court determined that even though Stratford Holding Company was a local

enterprise, the "relevant industry" was the building services industry, and therefore constituted an "industry affecting commerce."

In this case, even if Highland Care is a local enterprise, that does not preclude it from meeting the "industry affecting commerce" requirement for jurisdiction. If the "relevant industry" in which Highland Care operates constitutes an "industry affecting commerce," the jurisdictional requirement is met. Petitioner 1199 contends that the relevant industry is the health care industry, or, alternatively, the nursing home industry. Respondent does not dispute that the health care industry or nursing home industry constitute industries affecting commerce or industries "in which a labor dispute would burden or obstruct commerce." Accordingly, I find that the present action involves an industry affecting commerce. *See, e.g., Glen Manor Home for the Jewish Aged v. National Labor Relations Board*, 474 F.2d 1145, 1149 (6th Cir.1973)(holding that a nursing home could be deemed an industry affecting commerce). This Court therefore has subject matter jurisdiction over this matter.[3]

Because I find that this Court has subject matter

---

[3] Respondent relies primarily on one case, *Mangini v. Bellevue Maternity Hospital, Inc.*, 2002 WL 31677043 (N.D.N.Y.2002), an unreported case from the Northern District of New York, in support of the argument that a purely local healthcare facility is not engaged in an industry affecting commerce. While the Court in that case held that a small, not-for-profit maternity hospital was not an employer engaged in an industry affecting commerce, I note that the suit in that case was brought under Title VII of the Civil Rights Act of 1964, not the LMRA. Therefore, the *Mangini* Court did not consider the Second Circuit's decision in *Ricciardi* in reaching its decision.

jurisdiction over this petition, and because Section 9 of the FAA requires this Court to issue an order confirming the Award, which has never been "vacated, modified, or corrected," respondent's motion to dismiss is denied, and petitioner's application is granted.

## CONCLUSION

For the reasons set forth above, respondent Highland Care Center's motion to dismiss the petition is denied, and 1199's petition for an order confirming and enforcing the arbitrator's award is granted.

The clerk is directed to transmit a copy of the within to all parties.

```
          SO ORDERED.
Dated :   Brooklyn, New York
          February 23, 2006
```

> By: /s/ Charles P. Sifton (electronically signed)
>     United States District Judge